FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAR 13  PM 2: 22

CLERK _L. Lallictone_
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

LARRY LAMAR STEVENS,                   :

        Petitioner,                   :

        vs.                   :          CIVIL ACTION NO.: CV205-196

JOSE VASQUEZ, Warden,                   :

        Respondent.                   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Larry Lamar Stevens ("Stevens"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a Response. For the reasons which follow, Stevens' petition should be **DENIED**.

## STATEMENT OF THE CASE

Stevens was convicted on a state charge of sale of marijuana and sentenced to ten (10) years probation, with the first 120 to 180 days to be served in a detention center. The United States Marshal's Service took Stevens into custody on a writ of habeas corpus ad prosequendum. After approximately 144 days, Stevens satisfied the incarceration portion of his state sentence. Stevens was also granted bond for his federal charge and was released until he entered his guilty plea. The federal court in the Middle District of Georgia sentenced Stevens to seventy (70) months' imprisonment for distribution of more than five (5) grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii). (Resp't. Br. at pp. 2, 5; Ex. 2.)

AO 72A
(Rev. 8/82)

Stevens contends that he should be given credit toward his federal sentence for time served during his approximately 144 days in the Clinch County State Detention Center.  Stevens asserts that because state authorities were cooperating with federal authorities in seeking his seventy (70) month federal sentence, his period of incarceration for his state sentence should be credited to his federal sentence.

Respondent asserts that Stevens received credit against his state sentence for the time he currently seeks to have credited toward his federal sentence.  Respondent contends that Stevens can not receive credit toward his federal sentence because he is not entitled to double credit for his detention time.  Respondent avers that the Federal Bureau of Prisons ("BOP") provided Stevens with credit for other times he was incarcerated, but determined that credit in this instance would be inappropriate.

## DISCUSSION AND CITATION TO AUTHORITY

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by a defendant prior to sentencing. 18 U.S.C.A. § 3621; United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed.2d 593 (1992).  Program Statement ("P.S.") 5880.28 "transmits the 'Sentence Computation Manual' which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code." P.S. 5880.28, ¶ 1.  This Program Statement provides that 18 U.S.C. § 3585(a) establishes the rule for the commencement of a sentence.  It also provides that 18 U.S.C. § 3585(b), which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act.  P.S. 5880.28, p. 1-14.  These statutes provide:

2

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).  In determining the proper credit, a two part analysis is helpful.  First, it must be determined when the sentence commenced.  A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served."  United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); see also, P. S. 5880.28, p. 1-13 (stating that a federal sentence of imprisonment cannot commence earlier than the date on which it is imposed).  In the instant case, Stevens' federal sentence for distribution of more than five (5) grams of cocaine base commenced on January 6, 2003, the date of his guilty plea in federal court. (See Resp't. Ex. 6.)  This occurred several months after his release from state custody.

Next, it must be determined what credit is due for time served prior to the commencement of his federal sentence.  The court must begin with the plain language of the statute itself.  See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is

3

with the words of the statutory provision."); <u>United States v. Steele</u>, 147 F.3d 1316, 1318 (11th Cir. 1998).  Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Stevens was on a federal writ two days after receiving his state sentence.  The period of credit that Stevens is currently seeking was credited against his state sentence. (<u>See</u> Resp't. Ex. 4, 5.)   As a result, the BOP correctly determined that Stevens was not entitled to have the same time credited against his federal sentence.  If Stevens were also credited these days against his federal sentence, this would amount to a "double credit," which is prohibited by Section 3585(b).  <u>See</u> <u>Wilson</u>, 503 U.S. at 337, 112 S. Ct. at 1355-56 ("Congress made clear that a defendant could not receive a double credit for his detention time.").  Accordingly, Stevens should not receive credit toward his federal sentence for his detention on state charges.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Stevens' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this *13th* day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4